UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN RICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. CV-13-S-430-NE |
| ) | |
| BFI WASTE SERVICES LLC, ) | |
| doing business as ALLIED ) | |
| WASTE NORTH AMERICA, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, John Rice, proceeding *pro se*, alleges that defendant, BFI Waste Services LLC, *doing business as* Allied Waste North America, Inc., "violated the constitutional rights of the plaintiff based on race" by terminating plaintiff's employment "for following the orders of his supervisor and policy of the company."[1] Plaintiff asserts a single cause of action under 42 U.S.C. § 1983 for "violation of constitutional rights."[2]  This matter is before the court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted.[3]  Upon consideration, this court will grant the motion.

### I. LEGAL STANDARDS

---

[1] Doc. no. 1 (Complaint), at 2.

[2] *Id.* at 1.

[3] *See* doc. no. 9 (Motion to Dismiss).

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  That rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 544 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp.*, 550 U.S.] at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Iqbal*, 556 U.S. at 678 (alteration supplied).

As always is the case in the context of ruling upon a motion to dismiss, the district court is required to assume that

> the facts set forth in the plaintiff's complaint are true. *See Anza* [*v. Ideal Steel Supply Corp.*], 547 U.S. 451, [453,] 126 S. Ct. [1991,] 1994 [(2006)] (stating that on a motion to dismiss, the court must "accept as true the factual allegations in the amended complaint"); *Marsh v. Butler*

*County*, 268 F.3d 1014, 1023 (11th Cir. 2001) (*en banc*) (setting forth the facts in the case by "[a]ccepting all well-pleaded factual allegations (with reasonable inferences drawn favorably to Plaintiffs) in the complaint as true").

*Williams v. Mohawk Industries, Inc.*, 465 F.3d 1277, 1281 n.1 (11th Cir. 2006) (alterations supplied). Even so,

> the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Bell Atlantic Corp.*, 550 U.S.] at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)).

*Iqbal*, 556 U.S. at 678 (alteration supplied).

## II.  FACTS AS ALLEGED

The single-page section of plaintiff's complaint that is entitled "Cause of Action" reads as follows:

> John Rice (plaintiff) worked for BFI Waste Service[s] LLC[,] d/b/a Allied Waste North America, Inc. Defendants [sic[4]] violated the Constitutional Righ[t]s of the plaintiff based on race, plaintiff was discharged for f[o]llowing the orders of his supervisor and policy of the company. Plaintiff feels that there was a conspiracy in the discharge of his employment with BFI Waste Service[s] LLC[,] d/b/a Allied Wate North America, Inc. Defendant also violated the rights of the plaintiff by failu[r]e to protect plaintiff from violation of plaitniff's civil rights[.] Plaintiff also was violated by not being provided needed medical care; conspired together to violate one or more [of] plaintiff's civil rights[.]

---

[4] Although the "Cause of Action" section refers to multiple "defendants," the case style only names one entity as a defendant to plaintiff's: *i.e.*, BFI Waste Services LLC, *doing business as* Allied Waste North America, Inc. *See* doc. no. 1 (Complaint), at 1.

Therefore plaintiff pray[s] that this court hear this case on the merits[.]  These defendants acted knowingly, intentional[l]y, willingly, and maliciously[.]  As a result of these defendants['] action, the plaintiff ask that this case be tried by jury.[5]

### III.  DISCUSSION

**A**.     **Plaintiff's § 1983 Claim**

Plaintiff seeks relief under 42 U.S.C. § 1983 for "violation of constitutional rights."[6]  The Supreme Court has written that

> § 1983 affords a "civil remedy" for deprivations of federally protected rights caused by persons acting under color of state law without any express requirement of a particular state of mind.  Accordingly, in any § 1983 action the initial inquiry must focus on whether *the two essential elements to a § 1983 action* are present:  (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (emphasis supplied), *partially overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).  Plaintiff's claim fails on the first "essential element to a § 1983 action":  that is, "the under-color-of-state-law element of § 1983 *excludes from its reach '"merely private conduct, no matter how discriminatory or wrongful*[.]'"" *American Manufacturers Mutual Insurance Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (emphasis and alterations supplied) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)) (in turn quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)).  Plaintiff's complaint is devoid of factual

---

[5] *Id.* at 2 (footnote and alterations supplied to correct spelling and grammatical errors).
[6] *Id.* at 1.

allegations to suggest that defendant acted under color of law of state law. Defendant asserts that "BFI is a non-governmental subsidiary of a public corporation specializing in waste management services."[7] In response to defendant's motion to dismiss, plaintiff makes no attempt to show that BFI is a state actor, or that defendant is otherwise subject to § 1983 liability.[8] Accordingly, this court will dismiss plaintiff's § 1983 claim — the sole claim asserted by plaintiff against defendant.

## B.   The Appropriate Disposition of Plaintiff's Complaint

In its order denying plaintiff's earlier motion for leave to proceed *in forma pauperis*,[9] this court observed that

> Plaintiff has already sued defendant in this court over the payment of his wages in the civil action styled *Rice v. Allied Waste North America, Inc.*, CV-11-S-3851-NE. On February 5, 2013, this court approved the settlement of "all claims, known *and unknown*, that [plaintiff] has *or may have* against [defendant] as of the date of execution of the [parties' settlement] Agreement."[10]

Less than one month after the dismissal with prejudice of plaintiff's *original* claims against defendant in *Rice v. Allied Waste North America, Inc.*, plaintiff filed *new* claims against defendant in the action presently before the court.[11] As a result,

---

[7] Doc. no. 9 (Motion to Dismiss), at 4.

[8] *See* doc. no. 12 (Response to Motion to Dismiss).

[9] *See* doc. no. 4 (Motion for Leave to Proceed *In Forma Pauperis*).

[10] Doc. no. 5 (Order Denying Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*), at 3 (emphasis and alterations in original) (quoting doc. no. 54 in *Rice v. Allied Waste North America, Inc.*, CV-11-S-3851-NE (Parties' Settlement Agreement), at 2).

[11] *See* doc. no. 57 in *Rice v. Allied Waste North America, Inc.*, CV-11-S-3851-NE (Order Entered February 5, 2013 Approving Settlement and Dismissing Case); doc. no. 1 in the present action (Complaint Filed March 4, 2013).

defendant argues that

> Plaintiff's claims clearly relate to his prior employment and are therefore covered by the full release in the settlement agreement approved by this Court in *Rice v. BFI Waste Services, LLC*, No. 5:11-cv-03851-CLS. Accordingly, BFI respectfully requests dismissal of Plaintiff's Complaint *with prejudice*.[12]

## IV. CONCLUSION

For all of the reasons addressed above, it is ORDERED that all claims asserted in plaintiff's complaint be, and the same hereby are, DISMISSED with prejudice. Costs are taxed to plaintiff. The clerk is directed to close this file.

**DONE** and **ORDERED** this 31st day of May, 2013.

_____
United States District Judge

---

[12] Doc. no. 9 (Motion to Dismiss), at 6 (emphasis supplied).